# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **Nicholas Schalk** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL NO.: 1:23-cv-415 |
| | § | |
| **Reliance Standard Life Insurance Company** | § | |
| | § | |
| | § | |
| *Defendant* | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Nicholas Schalk, Plaintiff herein, complaining of Reliance Standard Life Insurance Company, Defendant, and for cause of action would show:

1. Plaintiff is a citizen of the State of Texas and resided in the Western District of Texas at the time he became entitled to benefits under the ERISA plan identified herein.

2. Defendant, Reliance Standard Life Insurance Company, (hereinafter referred to as "Reliance Standard") is a insurance company licensed to do business in the State of Texas, and may be served with citation herein by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

3. This court has original jurisdiction of this case under 28 U.S.C. § 1131 as well as 29 U.S.C. § 1132(e).

4. Venue is proper in the Western District of Texas under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2). A substantial part of the events or omissions giving rise to Plaintiff's claim occurred in the Western District of Texas, and the plan at issue was administered in the Western District of Texas.

5. Plaintiff brings suit under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), specifically including 29 U.S.C. § 1132 (a)(1)(B). Plaintiff is a participant in or beneficiary of an employee welfare benefit plan, which provides benefits under an insurance policy issued by Reliance Standard. Plaintiff seeks to recover benefits due under the plan, to enforce his rights under the terms of the plan, and to clarify his rights to future benefits under the terms of the plan.

6. Plaintiff was an employee of Professional Package Company/Western Reserve Sleeve, Inc. in 2021 when he became disabled. At the time he became disabled, Plaintiff was insured for Long Term Disability benefits under a policy of insurance, identified as Policy No. LTD 124765, issued by Reliance Standard to Professional Package Company/Western Reserve Sleeve, Inc., and insuring Plaintiff.

8. Plaintiff properly submitted a claim to Reliance Standard identified as claim number 2021-06-07-0736-LTD-01 which Reliance Standard denied.

9. Plaintiff then properly appealed to Reliance Standard, the designated fiduciary of the plan. On October 27, 2022 Reliance Standard granted Plaintiff's appeal and approved benefits from June 7, 2021 through July 30, 2022, but denied benefits

thereafter. Reliance Standard did not allow Plaintiff to appeal the denial of benefits after July 30, 2022.

10. Plaintiff further brings suit pursuant to 29 U.S.C. § 1133. After properly appealing the denial of benefits under the plan, Reliance Standard failed to provide Plaintiff a full and fair review.

11. As part of its appeal review, Reliance Standard contracted with a physician reviewer and provided him with medical progress notes dated through June 30, 2022. The physician reviewer found Plaintiff to be functionally impaired through the date of the medical progress notes he had been provided, writing:

> There are no progress notes after 6/30/22. It is reasonable to assume the claimant's objective findings and functional deficits would persist for at least 1 month after the last visit on 6/30/22. However, given the lack of recrnt progress notes, a fuctional impairment after 7/30/22 is not supported due to lack of recent findings.

12. There is no evidence supporting Reliance Standard's denial of benefits beyond July 30, 2022. Reliance Standard should have allowed Plaintiff to appeal its denial of benefits beyond July 30, 2022.

13. Plaintiff has exhausted the administrative remedies available to him under the plan. All conditions precedent to this cause of action have been met or have occurred.

14. The policy at issue in this case was used in Texas and subject to Chapter 1701 of the Texas Insurance Code. It was offered, issued, renewed, or delivered on or

after February 1, 2011. It was changed, modified, amended, or had a rate increase on or after June 1, 2011. The policy at issue in this case does not lawfully delegate discretionary authority to Reliance Standard. Reliance Standard's benefit determinations are therefore subject to *de novo* review.

WHEREFORE, Plaintiff prays that Defendant be cited to appear herein and answer and that on final hearing, he have judgment against Defendant for his damages, plus pre-judgment and post-judgment legal interest, for costs of suit, for reasonable attorney's fees and expenses incurred and that Plaintiff have a clarification of his right to receive future benefits under the Plan, to which he may show himself justly entitled under the attending facts and circumstances.

Respectfully submitted,

By: /s/ Lonnie Roach
LONNIE ROACH
State Bar No. 16967600
lonnie@brrlaw.com

Daniel Earl Messenger
State Bar No. 24128571
daniel@brrlaw.com

**BEMIS, ROACH & REED**
4100 Duval Road, Bldg. I, Suite 200
Austin, Texas 78759
(512) 454-4000 Telephone
(512) 453-6335 Facsimile

*Attorneys for Plaintiff*